**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANDY ROLLE, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                    Plaintiff,

        v.

VISIONPRO CONNECTIONS INC.,
VISIONPRO NETWORKS INC.,
VISIONPRO INSTALLATIONS CORP.,
VISIONPRO SYSTEMS INC.,
VISIONPRO CORP., and
JOSEPH ROMANO,

                  Defendants.

Case No.

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

        Plaintiff ANDY ROLLE (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, VISIONPRO CONNECTIONS INC., VISIONPRO NETWORKS INC., VISIONPRO INSTALLATIONS CORP., VISIONPRO SYSTEMS INC., VISIONPRO CORP. (each individually a "Corporate Defendant", or in reference to multiple, "Corporate

1

Defendants"), and JOSEPH ROMANO, (the "Individual Defendant") (hereinafter, the Corporate Defendants and the Individual Defendant are collectively the "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and similarly situated individuals are entitled to recover from Defendants:(1) unpaid wages; (2) unpaid overtime premium for hours worked beyond forty (40) hours per week; (3) unreimbursed expenses for tools of the trade; (4) liquidated damages; and (5) attorney's fees and costs.

2.      Plaintiff additionally alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime; (3) unreimbursed expenses for tools of the trade; (4) statutory penalties; (5) liquidated damages; and (6) attorney's fees and costs.

3.      Plaintiff further alleges that, pursuant to New York law, he and others similarly situated were victims to Defendants': (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) unjust enrichment; (4) promissory estoppel; and (5) fraudulent misrepresentation.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff ANDY ROLLE is a resident of Suffolk County, New York.

7.      Defendants collectively own and operate a company based in Nassau County, New York that specializes in cable and internet installation, under the trade name "VisionPro", which is headquartered at 92 Central Ave, Farmingdale, NY 11735. Corporate Defendant VISIONPRO CORP. is the parent company to all other Corporate Defendants, this is admitted as such by Defendants' former co-owner Kevin Silvar in his lawsuit against all Defendants named herein. *See* **Exhibit A**.

8.      Corporate Defendant VISIONPRO CONNECTIONS INC. is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is 92 Central Ave, Farmingdale, NY 11735, which is also the place of business of Defendants' VisionPro.

9.      Corporate Defendant VISIONPRO NETWORKS INC. is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is 92 Central Ave, Farmingdale, NY 11735, which is also the place of business of Defendants' VisionPro.

10.     Corporate Defendant VISIONPRO CORP. is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is 92 Central Ave, Farmingdale, NY 11735, which is around the block from the place of business of Defendants' VisionPro.

11.     Corporate Defendant VISIONPRO INSTALLATIONS CORP. is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is 1 Bridge Street, Yonkers, NY 10706.

12.     Corporate Defendant VISIONPRO SYSTEMS INC. is a domestic limited liability company operating in New York and organized under the laws of New York. Its service of process address is 744 Berriman Street, Brooklyn, NY 11208.

13.     Individual Defendant JOSEPH ROMANO is the owner and founder of all Corporate Defendants. Individual Defendant JOSEPH ROMANO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant JOSEPH ROMANO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees of VisionPro may complain to Individual Defendant JOSEPH ROMANO directly regarding any of the terms of their employment, and Individual Defendant JOSEPH ROMANO would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant JOSEPH ROMANO exercised functional control over the business and financial operations of Corporate Defendant. Individual Defendant JOSEPH ROMANO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

14.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff asserts claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to, technicians and engineers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper wages owed for all hours worked, including those worked in excess of forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.     Plaintiff asserts claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to, technicians, electricians, wiremen, electrical experts, and engineers, employed by

Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Members" or "Class").

20.     The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also able to be determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is so numerous that a joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there is no doubt that there are more than forty (40) members of the Class.

22.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants of: (i) failing to pay minimum wages; (ii) failing to pay overtime premium for hours worked beyond forty (40) hours per week; (iii) failing to reimburse expenses for tools of the trade; (iv) failure to provide proper wage statements per requirements of NYLL; and (v) failure to properly provide wage notices, at the date of hiring and annually, per requirements of NYLL, (vi) breaching contracts, (vii) breaching their duty good faith and fair dealing, (viii) unjust enrichment, (ix) promissory estoppel, and (x) fraudulent misrepresentation.

23.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Class Plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the State violate New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in complaints a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

   a.   Whether Defendants employed Plaintiff and Class Members within the meaning of New York law and applicable state laws;

   b.   What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

   c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

   d.   Whether Defendants paid Plaintiff and Class Members for all hours worked, including overtime wages for all overtime hours worked;

   e.   Whether Defendants provided proper wage statements to Plaintiff and Class Members as required under NYLL and applicable state laws; and

f.   Whether Defendants provided proper wage and hour notice to employees, pursuant to the requirements of NYLL and applicable state laws.

g.   Whether Defendants reimbursed Plaintiff and Class Members for all expenses for purchasing tools of the trade;

h.   Whether Defendants breached Plaintiff's and Class Members' employment contracts;

i.   Whether Defendants breached their duty of good faith and fair dealing which was implied through Plaintiff's and Class Members' employment contracts;

j.   Whether Defendants unjustly enriched themselves at the expense of Plaintiff's and Class Members' uncompensated labor;

k.   Whether Defendants induced Plaintiff and Class Members into employment through false promises and representations that Defendants did not intend to continuously honor;

## STATEMENT OF FACTS

28.    On or around May 18, 2023, Plaintiff ANDY ROLLE was hired by Defendants to work as a Cable Technician for Defendants' VisionPro business. Plaintiff was employed by Defendants until on or around August 13, 2023.

29.    Before Plaintiff started his employment with Defendants, Defendants requested that Plaintiff sign an employment contract. Plaintiff's contract detailed the conditions of his employment including his scheduled hours. In Plaintiff's contract, Plaintiff was scheduled to work five (5) days per week, nine (9) hours per day from 7:00 a.m. to 4:00 p.m., for a total of forty-five (45) hours per week. FLSA Collective Plaintiffs and Class Members also signed contracts that obligated them to work similar hours.

30.     Throughout his employment, as a Cable Technician, Plaintiff was assigned various installation, troubleshooting, and service changing jobs by Defendants, at the homes of Defendants' clients. Plaintiff was required by Defendants to remain in his work van during his scheduled hours, waiting to be assigned jobs. Similarly, FLSA Collective Plaintiffs and Class Members were also required to remain on-call for all scheduled hours, awaiting job assignments by Defendants.

31.     Throughout his employment, Plaintiff was not compensated by Defendants at an hourly rate. Instead, Defendants were contractually obligated to compensate Plaintiff weekly in the greater amount of (i) $600.00, or (ii) the total amount of commissions earned by Plaintiff during the weeklong pay period. Defendants offered commissions to Plaintiff for each job Plaintiff performed, at the following rates:

    i.   $50.00 for each installation;

    ii.   $25.00 for each troubleshoot;

    iii.   $75.00 for each utility pole service; and

    iv.   $50.00 for each service change.

FLSA Collective Plaintiffs and Class Members were contracted with similar payment agreements.

32.     At all relevant times, Defendants failed to compensate Plaintiff at the prevailing New York State minimum wage of $15.00 per hour. Defendants' payment system offered to Plaintiff above was improper, because $600.00 for 45.00 hours of work results in an hourly rate of $13.33 per hour.

33.     Defendants failed to properly pay all commissions owed to Plaintiff, resulting in Plaintiff being paid only between $260.00 and $600.00 per week, for 45.00 hours of work. *See* **Exhibit B –** Plaintiff's Paystubs. Defendants never once paid Plaintiff *over* $600.00, the agreed

upon minimum weekly payment. *Id*. Additionally, after Plaintiff's third paycheck, Defendants failed to pay Plaintiff the agreed upon minimum weekly salary of $600.00. *Id*. Defendants not only failed to pay Plaintiff the contractually agreed upon amount, Defendants also failed to pay Plaintiff the statutory minimum wage. FLSA Collective Plaintiffs and Class Members were similarly paid below the minimum wage by Defendants for all hours worked, including overtime hours.

34.     Defendants never compensated Plaintiff for any hours that Plaintiff worked in excess of forty (40) hours per week. *Id*. Defendants similarly failed to pay FLSA Collective Plaintiffs and Class Members for all hours they worked in excess of forty (40) each week.

35.     Additionally, Defendants falsified Plaintiff's hours worked and hourly rate on Plaintiff's paystubs. Defendants contracted to $600.00 as the minimum payment, as this is the amount resulted from working 40.00 hours per week at the prevailing New York State minimum wage of $15.00 per hour. However, Plaintiff always worked 45.00 hours per week, without a set hourly rate. Defendants intentionally conspire to create the illusion that Defendants were paying Plaintiff the minimum wage. Defendants similarly falsified the same information on Class Members' paystubs.

36.     Further, through Defendants above failures to properly pay Plaintiff, Defendants breached their contract with Plaintiff. After Plaintiff's third week of employment, Defendants began continuously failing to pay Plaintiff the contracted minimum weekly payment of $600.00, for eight (8) weeks in a row, despite Plaintiff completing all his contractual obligations each week. *Id*. Class Members similarly had their employment contracts breached by Defendants.

37.     By intentionally breaching Plaintiff's and Class Members' contracts and failing to pay them the contractually agreed amounts every week, and by intentionally underpaying Plaintiff and Class Members, Defendants failed to act fairly and in good faith.

38.     Defendants induced Plaintiff and Class Members to accept employment with them, by making promises and representations that Plaintiff and Class Members would be paid a guaranteed minimum weekly payment, with a chance to earn more through completing enough jobs. However, Defendants' promises and representations as set forth above were false and fraudulent, and Defendants knew that the promises and representations were false and fraudulent at the times they were made, as Defendants did not intend to continuously honor these promises and representations.

39.     As set forth above, Defendants intentionally paid Plaintiff the promised minimum payment for only his first three weeks of employment, so as to allow Plaintiff to settle into his new job with Defendants under the guise that he is being paid properly by his new employers. After four weeks of employment, Defendants began failing to pay Plaintiff either of the promised minimum payment or the true total of his earned commissions. Because Defendants paid Plaintiff properly for the first three weeks, it took eight weeks in a row of being paid improperly by Defendants for Plaintiff to finally quit as Plaintiff had just begun settling into his new job. Defendants knew that if they had paid Plaintiff improperly from the beginning, Plaintiff would have left employment with Defendants much earlier.

40.     Plaintiff was not aware of the falsity of Defendants' promises and representations, and reasonably and actually relied on them in accepting employment with Defendants. Through Defendants' intentional failure to uphold their promise and representations to Plaintiff, Defendants' committed promissory estoppel and fraudulent misrepresentation. Class Members were similarly victims of Defendants' promissory estoppel and fraudulent misrepresentations for the above reasons.

41.     Throughout Plaintiff's employment, Defendants unjustly enriched themselves at the expense of Plaintiff's uncompensated labor. At all times, Plaintiff worked 45 hours per week for Defendants. 45 hours of work calculated at the prevailing New York State minimum wage, 40 hours of work at $15.00 per hour and 5 hours of overtime work at $22.50 per hour, should result in a weekly payment of $712.50. However, Defendants (i) contracted Plaintiff to a minimum weekly payment of $600.00, and (ii) failed to pay Plaintiff all his earned commissions so as to intentionally never pay Plaintiff over the minimum $600.00. Defendants, through their failure to properly pay Plaintiff, thereby unjustly enriched themselves a minimum of $112.50 per week, with actual amounts that are currently undeterminable and based on Plaintiff's rightfully earned commissions. Class Members were similarly victims of Defendants' unjust enrichment for the above reasons.

42.     Throughout Plaintiff's employment with Defendants, Plaintiff was required by Defendants to purchase his own tools that were necessary to perform his work for Defendants. As a result, Plaintiff spent about two-hundred seventy-eight dollars ($278) to purchase his own cable splicers and tool set. Similarly, FLSA Collective Plaintiffs and Class Members were also not reimbursed by Defendants for the expenses of purchasing tools necessary to their job.

43.     Defendants knowingly and willfully operated their business with a policy of failing to pay all wages owed, including overtime, to Plaintiff, FLSA Collective Plaintiffs, and Class Members, in violation of the FLSA and the NYLL.

44.     Defendants failed to provide Plaintiff and Class Members with proper wage notices at hiring and at all changes of payrate thereafter. Plaintiff did not receive proper wage notices either upon being hired or upon every change of pay rate in violation of the NYLL.

45.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with proper wage statements at all relevant times.

46.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being properly paid.

47.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct actually harmed Plaintiff and Class Members. Defendants' failure to provide paystubs properly listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest the pay provided by Defendants, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class Members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

48.     The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members. This delayed payment caused Plaintiff to struggle to timely pay bills. Class Members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing from employees.

49.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

50.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

51.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

53.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

54.     At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff and FLSA Collective Plaintiffs all wages owed, including overtime for all hours worked in excess of forty (40) hours per workweek, due to Defendants' failure to pay their employees the minimum wage.

55.     At all relevant times, Defendants had a policy and practice that failed to reimburse Plaintiff and FLSA Collective Plaintiffs for all costs of purchasing tools necessary for their jobs, which resulted in them incurring additional damages on top of not being properly compensated for all hours they worked.

56.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

58.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

59.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

60.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of (i) unpaid wages, (ii) unpaid overtime, (iii) unreimbursed expenses for tools of the trade, plus an equal amount as liquidated damages.

61.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

62.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

63.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

64.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members all their wages, including overtime at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) in a workweek, due to Defendants failure to pay employees the minimum wage, in violation of the NYLL.

65.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members all their wages, including overtime at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) in a workweek, in violation of the NYLL.

66.     Defendants knowingly and willfully failed to reimburse Plaintiff and Class Members all expenses for purchasing tools of the trade, in violation of the NYLL.

67.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members proper wage notices, at dates of hiring and annually thereafter, as required under the NYLL.

68.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members proper wage statements, as required under the NYLL.

69.     Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants (i) unpaid wages, (ii) unpaid overtime, (iii) unreimbursed expenses for

tools of the trade, (iv) reasonable attorney's fees, (v) liquidated damages, (vi) statutory penalties, and (vii) costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

### CLASS-WIDE BREACH OF CONTRACT

70.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

71.      Plaintiff brings this claim on behalf of himself and, inter alia, all Class Members who signed similar employment contracts with Defendants. Such contracts were written employment agreements, which stated that Plaintiff's and Class Members' weekly compensation would be in amounts to be the greater of (i) $600.00 flat, or (ii) the total amount of commissions earned by each employee per week.

72.     Despite Plaintiff and Class Members fully performing all contractual obligations, Defendants intentionally and willfully failed to compensate them at either (i) the minimum amount, or (ii) the full amount of commissions which would exceed the minimum amount.

73.     As a direct and proximate result of Defendants' contract breaches, Plaintiff and Class Members have sustained damages in an amount according to proof at trial.

## COUNT IV

### CLASS-WIDE BREACH OF GOOD FAITH AND FAIR DEALING

74.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

75.     Plaintiff, on behalf of himself and Class Members, alleges herein that at all times material hereto, Plaintiff and Class Members fully performed their contractual obligations, working for Defendants pursuant to their agreements, every week of their employment.

76.    Defendants unfairly interfered with Plaintiff's and Class Members' rights under these contracts, by failing to pay Plaintiff and Class Members in amounts according to those stipulated and expected under their agreements.

77.    As a direct and proximate result of Defendants' failure to act fairly and in good faith, Plaintiff and Class Members have sustained damages in an amount according to proof at trial.

## COUNT V

## CLASS-WIDE UNJUST ENRICHMENT

78.    Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

79.    By virtue of Defendants' conduct as alleged herein, and Plaintiff's and Class Members' performance of their contractual obligations to Defendants, Defendants were unjustly enriched by Plaintiff's and Class Members' uncompensated labor, and Defendants intentionally did not compensate Plaintiff and Class Members fully.

80.    The circumstances are such that it would be inequitable to allow Defendants to retain the excess benefit from Plaintiff and Class Members conduct without paying fair value for it.

81.    As a direct and proximate result of Defendants' wrongful withholding of funds collected that should have been paid to Plaintiff and Class Members, Plaintiff and Class Members have sustained damages in an amount according to proof at trial.

82.    Defendants' withholding of proper compensation from employees was done with malice and in conscious disregard of Plaintiff's and Class Members' rights, with the intent to cause

injury to Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages against Defendants.

**COUNT VI**

**<u>CLASS-WIDE PROMISSORY FRAUD</u>**

83.    Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

84.    As set forth hereinabove, Defendants induced Plaintiff and Class Members to accept employment with them through false promises to pay Plaintiff and Class Members a guaranteed minimum weekly payment, with a chance to earn more through completing jobs.

85.    Defendants' promises as set forth above were false and fraudulent, and Defendants knew that the promises were false and fraudulent at the time they were made, as Defendants did not intend to continuously honor these promises.

86.    Plaintiff and Class Members were not aware of the falsity of Defendants' promises, and reasonably and actually relied on them in accepting their employments with Defendants.

87.    As a direct and proximate result of Defendants' promissory estoppel, Plaintiff and Class Members have sustained damages in an amount according to proof at trial.

88.    Plaintiff and Class Members are informed and believe, and on that basis allege, that Defendants' false and fraudulent promises were made with fraud and malice and in conscious disregard of Plaintiff's and Class Members' rights. Plaintiff and Class Members are therefore entitled to an award of punitive damages against Defendants.

## COUNT VII

## CLASS-WIDE FRAUDULENT MISREPRESENTATION

89.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

90.     As set forth hereinabove, Defendants induced Plaintiff and Class Members to accept employment with them through false representations that Plaintiff and Class Members would be paid a guaranteed minimum weekly payment, with a chance to earn more through completing jobs.

91.     Defendants' representations as set forth above were false and fraudulent, and Defendants knew that the representations were false and fraudulent at the time they were made, as Defendants did not intend to continuously honor these representations.

92.     Plaintiff and Class Members were not aware of the falsity of Defendants' representations, and reasonably and actually relied on them in accepting their employments with Defendants.

93.     As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff and Class Members have sustained damages in an amount according to proof at trial.

94.     Plaintiff and Class Members are informed and believe, and on that basis allege, that Defendants' false and fraudulent representations were made with fraud and malice and in conscious disregard of Plaintiff's and Class Members' rights. Plaintiff and Class Members are therefore entitled to an award of punitive damages against Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages, due under FLSA and the NYLL;

d.  An award of unpaid overtime compensation, due under FLSA and the NYLL;

e.  An award of unreimbursed expenses for tools of the trade, due under the FLSA and the NYLL;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages and overtime compensation, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay all wages and overtime compensation, pursuant to NYLL;

h.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

i.  An award of compensatory and punitive damages due to Defendants' breach of contracts;

j.  An award of compensatory and punitive damages due to Defendants' breach of their duty of good faith and fair dealing;

k.  An award of compensatory and punitive damages due to Defendants' promissory estoppel;

l.  An award of compensatory and punitive damages due to Defendants' fraudulent misrepresentations;

m.  An award of disgorgement and compensation due to Defendants' unjust enrichment;

n.  An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees;

o.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

p.  Designation of this action as a class action pursuant to F.R.C.P. 23;

q.  Designation of Plaintiff as Representative of the Class; and

r.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: December 8, 2023                        Respectfully submitted,
      New York, New York          By:    /s/ *CK Lee*
                                          C.K. Lee, Esq. (CL 4086)

                                          **LEE LITIGATION GROUP, PLLC**
                                          148 W. 24th Street, 8th Floor
                                          New York, NY 10011
                                          Tel.: 212-465-1180
                                          Fax: 212-465-1181
                                          *Attorneys for Plaintiff,*
                                          *FLSA Collective Plaintiffs,*
                                          *and the Class*